UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: LIBOR-BASED FINANCIAL INSTRUMENTS
ANTITRUST LITIGATION

| | |
|---|---|
| The Charles Schwab Corp., et al. v. Bank of America Corp., et al., ) | |
| N.D. California, C.A. No. 4:13-02244                               ) | MDL No. 2262 |

TRANSFER ORDER

**Before the Panel:**[*] Pursuant to Panel Rule 7.1, plaintiff Schwab entities[1] move to vacate our order conditionally transferring their action to the Southern District of New York for inclusion in MDL No. 2262. Defendants JP Morgan Chase & Co. and JPMorgan Chase Bank, N.A. (collectively Chase) oppose the motion.[2]

In opposing transfer, plaintiffs principally rely on the March 29, 2013, ruling of the transferee judge, the Honorable Naomi Reice Buchwald, in which, *inter alia*, she dismissed the Sherman Act, RICO, and California Cartwright Act claims in three other actions brought by these same plaintiffs and earlier transferred to the MDL.[3] *See In re LIBOR-Based Fin. Instruments Antitrust Litig.*, — F. Supp. 2d —, 2013 WL 1285338 (S.D.N.Y. Mar. 29, 2013). In that ruling, the judge also declined to exercise supplemental jurisdiction over plaintiffs' then-remaining California state law claims for interference with economic advantage, breach of the implied covenant of good faith, and unjust enrichment. *See id.* at *58-59. Following that ruling, plaintiffs commenced this new action – with

---

[*] Judge Marjorie O. Rendell, Judge Lewis A. Kaplan, and Judge Sarah S. Vance took no part in the decision of this matter.

[1] The Charles Schwab Corporation, Charles Schwab Bank, N.A., Charles Schwab & Co., Inc., Schwab Short-Term Bond Market Fund, Schwab Total Bond Market Fund, Schwab U.S. Dollar Liquid Assets Fund, Schwab Money Market Fund, Schwab Value Advantage Money Fund, Schwab Retirement Advantage Money Fund, Schwab Investor Money Fund, Schwab Cash Reserves, Schwab Advisor Cash Reserves, Schwab YieldPlus Fund, and Schwab YieldPlus Fund Liquidation Trust.

[2] Chase states that the following defendants join in or otherwise support its opposition: Bank of America Corporation; Bank of America, N.A.; Barclays Bank plc; Citigroup, Inc.; Citigroup, N.A.; Coöperatieve Centrale Raiffeisen – Boerenleenbank B.A.; Credit Suisse Group AG; Deutsche Bank AG; HSBC Holdings plc; HSBC Bank plc; Lloyds Banking Group, plc; HBOS plc; Portigon AG; The Norinchukin Bank; The Royal Bank of Scotland Group plc; and UBS AG.

[3] The three actions subject to the motion to dismiss, which were transferred to the MDL in September 2011, remain pending therein, awaiting the entry of final judgment. Plaintiffs state that once final judgment is entered, they intend to appeal the dismissal of their antitrust and RICO claims to the Second Circuit.

A CERTIFIED COPY
RUBY J. KRAJICK, CLERK

BY *Shante Jones*
Deputy Clerk

- 2 -

the state law claims over which Judge Buchwald declined to exercise jurisdiction – in state court. They argue that re-sending those claims to the MDL would contravene that ruling and run afoul of Section 1407's purposes. We find this argument unpersuasive.

In this new action, plaintiffs have not merely re-filed the state law claims over which Judge Buchwald declined to exercise jurisdiction. They also have added other claims, including alleged violations of the Securities Act of 1933. At the time of Judge Buchwald's ruling, plaintiffs were asserting no federal law claims other than claims under the Sherman Act.[4] Moreover, five of the California state law claims that plaintiffs now assert can be found in other actions already in the MDL.

In addition, defendants removed this action from state court on jurisdictional bases – the Edge Act and the Foreign Sovereign Immunities Act (FSIA) – that were not argued to, or considered by, Judge Buchwald in the briefing on the motions to dismiss. *See id.* at *58-59. Although plaintiffs challenge the propriety of that removal, we have held frequently that the pendency of a remand motion is not, as a general matter, a sufficient reason to delay or deny transfer.[5] Moreover, we note that Edge Act and FSIA remand issues are already before the transferee court in two actions in the MDL.

After considering all argument of counsel, we find that this action involves common questions of fact with actions in this litigation previously transferred to MDL No. 2262, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for reasons set out in our original order directing centralization. In that order, we held that the Southern District of New York was an appropriate Section 1407 forum for actions "shar[ing] factual issues arising from allegations concerning defendants' participation in the British Bankers' Association (BBA) London Interbank Offered Rate (Libor) panel." *In re: Libor-Based Fin. Instruments Antitrust Litig.*, 802 F. Supp. 2d 1380, 1381 (J.P.M.L. 2011). We cited, in particular, allegations that defendants "manipulated Libor by deliberately and intentionally understating their respective borrowing costs to the BBA, and that, by doing so, they paid lower interest rates to customers who bought defendants' products with rates of return tied to Libor, and also avoided disclosing the true risk premium that the market was attaching

---

[4] Having dismissed the Sherman Act claims, the judge clearly found the absence of any other federal claim significant. Indeed, in declining also to exercise supplemental jurisdiction over the state law claim found in another complaint in the MDL (following the dismissal of the Sherman Act claim therein), the judge stated: "[T]he question before us is whether we should exercise supplemental jurisdiction over the state common law claim in light of the fact that no federal causes of action remain." *Id.* at *58.

[5] Under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion generally has adequate time to do so. In this action, the Northern District of California court has deferred ruling on plaintiffs' remand motion pending our decision on plaintiffs' motion to vacate the conditional transfer order.

- 3 -

to them during the global financial crisis." *Id.* Plaintiffs do not dispute that their action shares multiple factual issues with the actions already in the MDL.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Southern District of New York, and, with the consent of that court, assigned to the Honorable Naomi Reice Buchwald for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil          Paul G. Barbadoro
Charles R. Breyer